85   131
s184s123

## Glucose Sugar Refining Co. v. John L. Flinn.

1. VERDICT—*Settles Questions of Fact.*—The verdict of the jury upon conflicting evidence is conclusive upon questions of fact.

Assumpsit, for labor, etc.   Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding.   Heard in this court at the May term, 1899.   Affirmed.   Opinion filed October 12, 1899.

WILLIAM D. BARGE, attorney for appellant.

STEVENS, HORTON & ABBOTT, attorneys for appellee.

MR. PRESIDING JUSTICE CRABTREE delivered the opinion of the court.

This was an action of assumpsit by appellee against appellant to recover upon bills rendered for labor furnished and services performed.

The declaration consisted of the consolidated common counts, and one special count, but a demurrer was sustained to the special count and the cause was tried on the common counts and pleas of the general issue and set-off. The jury returned a verdict in appellee's favor for $7,002.95, upon which judgment was entered after a motion for new trial was overruled, and appellant prosecutes this appeal.

Appellant is a corporation, having various extensive plants in different parts of the country.

Appellee is a contractor, employing large numbers of carpenters, millwrights and mechanics, and his claim against appellant is for the labor and expenses of men furnished to do work in appellant's plants and mills at Rockford and Peoria, Illinois, and at Marshalltown, Iowa, as well as for his own services in estimating the cost of repairs and improvements in various factories belonging to appellant, and estimating value for insurance purposes.

Thomas Gaunt was appellant's general superintendent during the time covered by the bills of appellee. Appellant had succeeded to the rights of the American Glucose Company in the ownership of the plants for which the labor was furnished and the estimates made, and Gaunt was general superintendent of said last named company when it sold out to appellant, in whose services he continued in the same capacity. Appellee, under the direction and employment of Gaunt, had performed similar services for the American Glucose Company to those performed for appellant, under a contract which fixed the compensation to be paid therefor, and appellee's contention is, that his employment by Gaunt, as superintendent of appellant, was at the same rates as those paid him by the American Glucose Company. Appellant, on the contrary, insists there was no such contract, and that the charges of appellee, both for labor and estimates, are unreasonable and excessive.

These were questions of fact for the jury, and we can not say the verdict was not warranted by the evidence. There is no dispute that appellee furnished the men, and that he made the estimates, nor that the rates charged therefor are the same as those paid by the American Glucose Company for similar services.

Appellee furnished bills to appellant, which were marked "O K" by Gaunt; some of them were paid, and no objection appears to have been made to the others until long afterward. It is now contended by appellant that the prices charged were exorbitant, and that Gaunt had no

authority to contract for such rates. These were questions of fact, as we have already said, and we think the evidence warranted the verdict.

There was no error in admitting in evidence the bills for work done in Davenport, under the circumstances in which they went in; nor was there any error in refusing the testimony of Powers as to what Hamlin told him concerning the agreement between appellee and the American Glucose Company. At best it would have been but hearsay evidence and was incompetent.

We find no error in giving or refusing instructions.

The judgment will be affirmed.